UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOUGLAS DUFFIE,

                    Plaintiff,

        -against-

C.O. JHON TIBURCIORUIZ.,

                    Defendant.

**ORDER**

25-CV-05170 (PMH)

PHILIP M. HALPERN, United States District Judge:

On June 18, 2025, Douglas Duffie ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, commenced the instant action against C.O. Jhon Tiburcioruiz ("Defendant"). (Doc. 1). On July 24, 2025, the Court issued an Order of Service as to Defendant (Doc. 9), and the Clerk of Court issued a summons as to Defendant (Doc. 10). The docket indicates that the U.S. Marshals Service executed service on Defendant on November 10, 2025. (Doc. 12). Defendant's deadline to answer or otherwise respond to the complaint was December 1, 2025. (*Id.*). Defendant did not answer or otherwise respond to the Complaint. Accordingly, on January 2, 2026, the Court issued an Order directing Plaintiff to comply with this Court's Individual Practices Rule 4(B) by February 6, 2026. (Doc. 13). The Order also warned Plaintiff that failure to strictly comply with this Court's Individual Practices and the order could result in dismissal of this action in its entirety, without prejudice, for want of prosecution under Federal Rule of Civil Procedure 41(b). (*Id.*). On January 5, 2026, the Clerk of Court filed notice that Doc. 13 had been mailed to Plaintiff's address listed on the docket. (*See* 1/5/2026 ECF Entry). Plaintiff failed to comply with the Court's January 2, 2026 Order.

Thus, on March 27, 2026, the Court *sua sponte* extended the time for Plaintiff to comply with the Court's prior order (Doc. 13) to May 1, 2026. (Doc. 14). This Order again warned Plaintiff that "failure to strictly comply with this Court's Individual Practices (specifically, Rule 4(B) and

1

Attachment A), this Order, and the Court's Prior Order (Doc. 13) may result in dismissal of this action in its entirety, without prejudice, for want of prosecution under Federal Rule of Civil Procedure 41(b)." (*Id.*). On March 31, 2026, the Clerk of Court filed notice that Doc. 14 had been mailed to Plaintiff's address listed on the docket. (*See* 3/31/2026 ECF Entry). Plaintiff failed to comply with the Court's March 27, 2026 Order.

Accordingly, on May 29, 2026, the Court directed Plaintiff to show cause why this action should not be dismissed without prejudice for want of prosecution under Federal Rule of Civil Procedure 41(b). (Doc. 15). The Court warned that the action would result in dismissal unless, by June 8, 2026, Plaintiff was able to show cause in writing for his failure to comply with the Court's previous Orders (Docs. 13, 14). (Doc. 15). On June 1, 2026, the Clerk of Court filed notice that Doc. 15 had been mailed to Plaintiff's address listed on the docket. (*See* 6/1/2026 ECF Entry). Plaintiff did not respond to the Order to Show Cause, there has been no activity on the docket since then, and Plaintiff has not otherwise communicated with the Court in any way.

**STANDARD OF REVIEW**

The Second Circuit has recognized that Federal Rule of Civil Procedure 41(b), in combination with "the inherent power of a court to dismiss for failure to prosecute, a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution, and such dismissal is largely a matter of the judge's discretion." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966); *see also West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990) ("[T]he Supreme Court has recognized the inherent power of a district judge to dismiss a case for the plaintiff's failure to prosecute."); *Lewis v. Hellerstein*, No. 14-CV-07886, 2015 WL 4620120, at *3-4 (S.D.N.Y. July 29, 2015) (dismissing *pro se* complaint for want of prosecution after the plaintiff failed to file an amended complaint or submit other filings for four months); *Haynie v.*

*Dep't of Corr.*, No. 15-CV-04000, 2015 WL 9581783, at \*2 (S.D.N.Y. Dec. 30, 2015) (dismissing *pro se* complaint for want of prosecution after plaintiff failed to respond for six months).

Although the Second Circuit has concluded that dismissal under Rule 41(b) is a "harsh remedy to be utilized only in extreme situations," *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)), dismissal may be necessary "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts," *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). The Second Circuit has directed district courts to consider five factors in determining whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Jefferson v. Webber*, 777 F. App'x 11, 14 (2d Cir. 2019) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alteration in original)). No single factor is dispositive. *Nita v. Connecticut Dep't of Env't Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Ultimately, the record must be viewed "as a whole" in order to determine whether dismissal is warranted. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citing *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993)).

## ANALYSIS

The Court finds that dismissal of Plaintiff's action for failure to prosecute under Rule 41(b) is proper in this case. As to the first factor, Plaintiff has failed to communicate with the Court since July 2025. Plaintiff was directed on January 2, 2026 to "comply with this Court's Individual Practices Rule 4(B)" by February 6, 2026. (Doc. 13). Plaintiff failed to respond. On March 27,

2026, the Court *sua sponte* extended the time for Plaintiff to comply with Doc. 13 to May 1, 2026. (Doc. 14). Plaintiff again failed to respond. On May 29, 2026, Plaintiff was directed to show good cause in writing for his failure to comply with the Court's prior Orders. (Doc. 15). No response has been filed to date. Indeed, Plaintiff has not contacted the Court since July 10, 2025, by filing an "Application to Proceed Without Prepaying Fees or Costs," which the Court granted on July 23, 2025. (Docs. 5, 6, 8). Plaintiff's failure to comply with the Court's directives over five months is sufficient to support dismissal. *See, e.g., Balderramo v. Go New York Tour Inc.*, No. 15-CV-02326, 2019 WL 5682848, at *3 (S.D.N.Y. Nov. 1, 2019) ("In this Circuit, a delay of merely a matter of months may be sufficient to warrant dismissal under Rule 41.").

Second, Plaintiff has been warned, on multiple occasions, that failure to comply with the Court's directives could result in dismissal of this action. The January 2 Order warned that "[f]ailure to strictly comply with the Court's Individual Practices and this order may result in dismissal of this action in its entirety, without prejudice, for want of prosecution under Federal Rule of Civil Procedure 41(b)." (Doc. 13). The March 27 Order also warned that Plaintiff's failure to comply "may result in dismissal of this action in its entirety." (Doc. 14). Finally, the May 29, 2026 Order warned that Plaintiff's failure to "show[] good cause in writing for his failure to comply with the Court's January 2, 2026 . . . and March 27, 2026 Order[s]" would result in the action being "dismissed without prejudice for want of prosecution under Federal Rule of Civil Procedure 41(b)." (Doc. 15).

Third, when a plaintiff's delay is "lengthy and inexcusable," prejudice can be presumed. *United States ex rel. Drake*, 375 F.3d at 256. The delay here is inexcusable: Plaintiff has not complied with the Court's directives, and has not taken any steps to advance this matter against Defendant for over eleven months.

Fourth, the Court has balanced the need to alleviate court congestion with a party's right to due process and determined that dismissal is appropriate. "[N]oncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Mahoney v. City of New York*, No. 12-CV-06717, 2013 WL 5493009, at *2 (S.D.N.Y. Oct. 1, 2013). Since the Complaint was filed in June 2025, the Court has issued multiple directives pressing Plaintiff to comply with the Court's Individual Practices concerning default judgment. These directives included three orders which explicitly warned that the action would be dismissed for failure to comply. Plaintiff has not complied with those directives or otherwise communicated with the Court in any way, and the Court has no reason to believe that he intends to pursue this action against Defendant any further.

The Court has further "considered the possibility of a less drastic sanction than dismissal." *Kaplan v. Hezbollah*, 844 F. App'x 459, 460 (2d Cir. 2021). Where, as here, a plaintiff appears to have abandoned the litigation, dismissal is appropriate. *See Mena v. City of New York*, No. 15-CV-03707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (finding dismissal under Rule 41(b) proper because, *inter alia*, "the Court is sufficiently persuaded that Plaintiff has abandoned this matter").

## CONCLUSION

Based upon the foregoing, and viewing the record in its entirety, the Court finds that dismissal of this action under Federal Rule of Civil Procedure 41(b) is appropriate. Accordingly, this action is DISMISSED without prejudice. The Clerk of Court is directed to close this case.

**SO ORDERED:**

Dated: White Plains, New York
      June 17, 2026

_____
Hon. Philip M. Halpern
United States District Judge